UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| REGIONS BANK | ) | |
| | ) | |
| v. | ) | NO. 3:11-0831 |
| | ) | JUDGE CAMPBELL |
| CONTINUUM HEALTHCARE, LLC, et al. | ) | |

ORDER

Pending before the Court is Regions Bank's Motion for Summary Judgment Against Defendant, Bobby G. Rouse, Ph.D. (Docket No. 57). Defendant Rouse has filed an Objection (Docket No. 62) in opposition. Regions Bank has filed a Response (Docket No. 69). For the reasons described herein, the Motion for Summary Judgment is GRANTED as to liability and DENIED as to damages.

Regions Bank, Plaintiff, has moved for Summary Judgment against Bobby G. Rouse, Defendant, based on an Individual Guaranty. Plaintiff seeks damages in the amount of $3,997,215.08, plus interest from the date of the Motion for Summary Judgment at the Federal Judgment Rate, 28 U.S.C. § 1961.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

Defendant Rouse's responses to Regions Bank's Statement of Undisputed Facts (Docket No. 63) make clear that there is no material fact in dispute regarding liability. (See ¶¶ 2, 3, 8 and 9 of Docket No. 63). Regions Bank is entitled to judgment as a matter of law on the Individual Guaranty. Accordingly, the Motion for Summary Judgment is GRANTED in favor of Regions Bank and against Defendant Bobby G. Rouse as to liability.

It is equally clear that the parties dispute the amount of damages. See ¶¶ 11 and 12. The Court finds there is a material fact in dispute as to the amount of damages. Accordingly, the Motion for Summary Judgment is DENIED as to damages.

The trial remains set for July 16, 2013. The pretrial conference will be held on July 8, 2013, at 9:00 a.m., as scheduled.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE